INHABITANTS OF POLAND *versus* JOSEPH STROUT.

Where the proprietors of Bakerstown, which was incorporated by the name of Poland, made a reservation of certain lots of land for the use of schools, and subsequently, the town of Minot was incorporated by taking off a portion from the town of Poland — with the provision in the act of incorporation "that the public lands appropriated for the support of schools, and the town's stock of military stores, shall be estimated and divided in the same proportion that each town paid at the purchase thereof," it was held, that the lots so reserved for the support of schools were not within the meaning of this provision, they not having been paid for by the town.

An action of trespass *quare clausum*, for an injury to these lots, in the name of the inhabitants of Poland, was sustained.

THIS was an action of trespass *quare clausum*. For the purpose of settling a preliminary question, the plaintiffs and defendant agreed that the *locus in quo* was a school lot situated in Poland, being lot No. 116 — that this lot, and one other, were originally laid out and reserved by the proprietors of Bakerstown for the use of schools, and that those two lots are the only school lots, or land ever owned by Poland and Minot, or either of them, or that were ever held for the use of schools in said towns or either of them. Bakerstown was incorporated into a town by the name of Poland, which was divided subsequently, and a part set off by the name of Minot. The acts of incorporation of Minot and Poland, which make part of the case, are referred to so far as may be material, in the opinion of the Court.

VOL. I.          16

If in the opinion of the Court the town of Minot ought to have been joined in the action, the plaintiffs are to become nonsuit, otherwise the action is to stand for trial.

The cause was argued in writing, by

*Dunn*, for the plaintiffs, who contended that the lot in dispute was not within the provision of the special law incorporating Minot — Mass. Spec. Laws, vol. 2, p. 477, § 2, which provides that the public lands appropriated for the support of schools, &c. &c. shall be estimated in the same proportion each town paid at the purchase thereof, because the lot in dispute was private property when reserved — and not purchased by the plaintiffs and not within the intention of the legislature.

*J. C. Woodman*, for defendant, referred to act of incorporation of Minot, passed Feb, 17, 1795, Mass, Spec. Laws, vol. 2, 478, by virtue of which he insisted that the town of Minot became jointly interested in the school lands with the town of Poland. The custody of the lands should be in the original proprietors until trustees should be appointed. *Shapleigh* v. *Pilsbury*, 1 Greenl. 280. The use being for the towns, they should join. If tenants in common, the suit should have been brought by both jointly. *Gilmore* v. *Wilbur*, 12 Pick. 124; *Daniels* v. *Daniels*, 7 Mass R. 135; *Austin & al.* v. *Hall*, 13 Johns. 286.

The opinion of the Court was delivered by

WHITMAN C. J. — From what appears in this case we gather, that the proprietors of Bakerstown, who formerly claimed the tract of land, comprised within the limits of the towns of Poland and Minot, made a reservation of the lot in question for the use of schools, which was intended, undoubtedly, for the benefit of those who might thereafter become settlers on the land of the proprietary grant. The State of Massachusetts, after the incorporation of Poland, the boundaries of which coincided with those claimed as the boundaries of Bakerstown, instituted an inquest of office, and ousted

the proprietors of the larger portion of what was afterwards set off and incorporated by the name of Minot, the same being adjudged to have been erroneously claimed by them. After this the lot in question might be deemed to have enured to the benefit of the settlers on the land of the proprietary.

Whenever such reserved lots have been situated within a township, incorporated with limits conforming to those of the proprietary grant, out of which they were reserved, it has been customary for the inhabitants of such town to consider themselves as the beneficiary, or *cestui que trust*, and to assume the management, control and possession of them. It is upon this ground, it may be presumed that the inhabitants of Poland have considered themselves, since 1795, when their incorporation took place, as having a right to exercise acts of ownership over the lot in question. And it does not appear that the inhabitants of Minot, since the incorporation of that town, in 1802, have ever claimed to exercise any act of ownership over it, or otherwise to interfere with the superintendence over it, by the inhabitants of Poland.

It is nevertheless urged, on the part of the defendant, that the inhabitants of Minot, in their corporate capacity, were, at the time of the commencement of this suit, tenants in common of the lot with the inhabitants of Poland, in their corporate capacity; and that the writ of the plaintiffs ought therefore to be abated. In support of this pretension, the terms in a certain provision in the act of incorporation of Minot, are relied upon. This provision is as follows, viz. " the public lands, appropriated for the support of schools, and the town's stock of military stores, shall be estimated and divided in the same proportion, that each town paid at the purchase thereof." Nothing appears ever to have transpired between the two towns, in reference to the lands alluded to, since the incorporation of Minot took place. Now can the two towns be considered, by virtue of the said provision, standing as it does, alone, without any further doings in reference to it, as creating a tenancy in common between them? We think not. Neither town paid any thing for the purchase of this lot. It could not

therefore be divided on any such terms as the said provision has prescribed. And if it were competent for the legislature to divert the use of this lot, or any portion of it, to the use of those who might not have settled upon the proprietary grant, it does not seem, that they have done so. We are therefore of opinion, that, by reason of any thing appearing in the statement of facts, the writ in this case cannot be abated.